IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CAROL HOWZE,** *et al.* **PLAINTIFFS**

**v.** **CIVIL ACTION NO. 2:21-CV-36-KS-MTP**

**PAUL F. MAGEE,** *et al.* **DEFENDANTS**

*consolidated with*

**TYLER CARRUTH** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 2:21-CV-40-KS-MTP**

**OFFICER PAUL F. MAGEE,** *et al.* **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons provided below, the Court **grants** Plaintiff Howze and T.H.'s Motion to Voluntarily Dismiss [36] their federal claims, declines to exercise pendent jurisdiction over Plaintiff Howze and T.H.'s state-law claims, **grants in part and denies in part** Defendants' Motion to Dismiss [26], and declines to exercise pendent jurisdiction over Plaintiff Tyler Carruth's state-law claims. Accordingly, this case is closed.

### I. BACKGROUND

This case arises from a motor vehicle accident. Plaintiffs allege that Defendant Magee, a police officer employed by the Defendant City of Collins, was traveling in excess of the posted speed limit without running his siren or blue lights and rammed into the side of their car as they crossed U.S. Highway 49. They further allege that

Magee deleted his vehicle's dash-cam video of the accident. Plaintiff Carol Howze was driving. Plaintiffs T.H. and Tyler Carruth were passengers. Howze, T.H., and Carruth suffered injuries in the accident.

Howze filed a lawsuit against Magee and the City of Collins on behalf of herself and T.H., and Carruth filed his own lawsuit. The two lawsuits were consolidated by the Court on April 16, 2021. At the same time, Howze and T.H. pursued a parallel case in state court. *See* Exhibit A [35-1]. Defendants filed a Motion to Dismiss [26] all Plaintiffs' claims, which the Court now addresses.

## II. MOTION TO VOLUNTARILY DISMISS [36]

Plaintiffs Carol Howze and T.H. filed a Motion to Voluntarily Dismiss [36] their claims under 42 U.S.C. § 1983. In response, Defendants represented that they do not oppose dismissal of Howze and T.H.'s federal claims, but they argued that the Court should then dismiss Plaintiffs' remaining state-law claims for lack of subject matter jurisdiction. In reply, Howze and T.H. argued that the Court would still retain jurisdiction over the two consolidated cases because Plaintiff Tyler Carruth maintained his federal claims.

The Court **grants** Plaintiffs' Howze and T.H.'s unopposed Motion to Voluntarily Dismiss [36] their federal claims. All 42 U.S.C. § 1983 claims asserted by Plaintiffs Howze and T.H. are hereby **dismissed without prejudice**.

"By statute, federal courts have original jurisdiction over federal-question and diversity cases. They can also exercise supplemental jurisdiction over all other claims

2

that are so related to claims within federal-question or diversity cases that they form part of the same case or controversy under Article III of the United States Constitution." *IntegraNet Physician Resource, Inc. v. Tex. Ind. Providers, LLC*, 945 F.3d 232, 238 (5th Cir. 2019), *overruled on other grounds*, 951 F.3d 286, 298 (5th Cir. 2020). "Where two actions have been consolidated, [the Court] must examine each consolidated case separately to determine the jurisdictional premise upon which each stands." *Langley v. Jackson State Univ.*, 14 F.3d 1070, 1072 n. 5 (5th Cir. 1994) (quoting *Kuehne & Nagel v. Geosource, Inc.*, 874 F.2d 283, 287 (5th Cir. 1989)).

Here, Plaintiffs Carol Howze and T.H. voluntarily dismissed their federal claims. As a "general rule," the Court "should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial" in federal-question cases. *IntegraNet*, 945 F.3d at 241. However, the Court may exercise pendent jurisdiction over the remaining state-law claims, if the statutory factors related to supplemental jurisdiction and certain common-law factors weigh in favor of doing so. *Enochs v. Lampasas County*, 641 F.3d 155, 158-59 (5th Cir. 2011). The Court should consider "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* at 159 (citing 28 U.S.C. § 1367(c)). The Court should also consider "judicial economy, convenience, fairness, and comity." *Id.*

3

The Court declines to exercise pendent jurisdiction over Plaintiffs Howze and T.H.'s state-law claims. Their federal claims have already been dismissed, and Plaintiffs Howze and T.H. asserted the same state-law claims in a parallel case in state court. For reasons of judicial economy and comity, the Court concludes that the state court is a better venue for the state-law claims. Accordingly, the Court **dismisses** the remainder of Plaintiffs Howze and T.H.'s claims – which all arise under state law – **without prejudice** for lack of subject matter jurisdiction.

### III. MOTION TO DISMISS [26]

Defendants filed a Motion to Dismiss [26] Plaintiffs' claims in the two consolidated cases. To survive a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S.

4

662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### A.   *Plaintiffs Howze and T.H.*

First, the Court notes that Defendants Howze and T.H. voluntarily dismissed their federal claims, and the Court declined to exercise pendent jurisdiction over their state-law claims, as discussed above. Therefore, to the extent Defendants seek dismissal of Plaintiffs Howze and T.H.'s claims, the motion is **denied as moot**.

### B.   *Equal Protection – 42 U.S.C. § 1983*

Defendants argue that the Court should dismiss Carruth's equal protection claims. In response, Carruth did not address any equal protection claims. Therefore, the Court concludes that either 1) Carruth did not intend to assert any equal protection claim, 2) Carruth has abandoned any equal protection claim he asserted, or 3) Carruth concedes that he did not plead sufficient facts to state an equal protection claim.

Regardless, to state an equal protection claim, Carruth must allege facts demonstrating "that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001). He did not do so. Therefore, if he intended to plead an equal protection claim, he failed to allege sufficient facts to support it. The Court **grants** Defendants' motion as to any equal protection claim asserted by Plaintiff Tyler Carruth.

## C.     *Substantive Due Process – 42 U.S.C. § 1983*

Next, Defendants argue that Carruth failed to allege facts to state a substantive due process claim. "Substantive due process bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Lewis v. Univ. of Tex. Med. Branch*, 665 F.3d 625, 630 (5th Cir. 2011). The guarantee of substantive due process "does not . . . impos[e] liability whenever someone cloaked with state authority causes harm." *County of Sacramento v. Lewis*, 523 U.S. 833, 848, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). Thus, typical state-law torts, such as negligence, do not implicate the Due Process Clause. *Id.* at 849; *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 129, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992). Rather, the official's conduct must "be characterized as arbitrary, or conscience shocking, in a constitutional sense." *Doe ex rel. Magee v. Covington County Sch. Dist.*, 675 F.3d 849, 867 (5th Cir. 2012).

The Fifth Circuit has described the type of conduct that gives rise to a substantive due process claim:

> Conduct sufficient to shock the conscience for substantive due process purposes has been described in several different ways. It has been described as conduct that violates the decencies of civilized conduct; conduct that is so brutal and offensive that it [does] not comport with traditional ideas of fair play and decency; conduct that interferes with rights implicit in the concept of ordered liberty; and conduct that is so egregious, so outrageous, that it may be fairly said to shock the contemporary conscience. Many cases that have applied the standard have involved the use of extreme force by police officers or other state actors . . . . [T]he burden to show state conduct that shocks the conscience is extremely high, requiring stunning evidence of arbitrariness and caprice that extends beyond mere violations of state

6

> law, even violations resulting from bad faith to something more egregious and more extreme.

*Id.* at 867-68 (citations and punctuation omitted).

Additionally, a plaintiff asserting a due process claim must allege that he was deprived of a legitimate entitlement – a life, liberty, or property interest protected by the Fourteenth Amendment. *Lewis*, 665 F.3d at 630. Property interests may be "created and defined by existing rules or understandings that stem from an independent source such as state law." *Wilson v. Birnberg*, 667 F.3d 591, 598 (5th Cir. 2012).

Carruth argues that Defendants violated his right to substantive due process by deleting video of the accident from the DVR in Defendant Magee's patrol car, thus interfering with the investigation. Carruth contends that this is equivalent to officers fabricating evidence to bring false charges against a criminal defendant. He argues that Defendants destroyed evidence of their own culpability to frame Carruth.

A federal court in this state has addressed a virtually identical argument. In *James v. City of Greenville*, the plaintiffs asserted a substantive due process claim, alleging that the defendant officers "made inaccurate statements in a police report to favor a fellow police officer . . . , and thereby harmed [the plaintiffs'] right to seek civil recovery for tort injuries." 2020 WL 1190456, at *6 (N.D. Miss. Mar. 12, 2020). Judge Mills declined to extend the Fourteenth Amendment's protection of substantive due process as the plaintiffs suggested. He noted that "§ 1983 is not a 'catch all' provision providing for recovery in all instances of dishonest conduct by public employees." *Id.*

7

at *5. Rather, "[t]he protections of substantive due process have for the most part been accorded to matters related to marriage, family, procreation, and the right to bodily integrity." *Id.* at *6. Therefore, "[w]hile there may well be legitimate arguments for the application of the substantive due process clause in this context, . . . the U.S. Supreme Court has repeatedly expressed its reluctance to extend substantive due process into new areas such as this one." *Id.*; *see also Albright v. Oliver*, 510 U.S. 266, 271-72, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994).

Here, Plaintiff has not cited any case law supporting his argument that the facts of this case implicate substantive due process. "The doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field." *Collins*, 503 U.S. at 125. Neither § 1983 nor substantive due process provide a generalized remedy for all torts committed under color of state authority. *Lewis*, 523 U.S. at 848; *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Absent applicable Fifth Circuit or Supreme Court case law, this Court declines to extend the already vague contours of substantive due process as Plaintiff suggests. *Cf. Van Deelen v. Cain*, 628 F. App'x 891, 897 (5th Cir. 2015) (allegations that a school district doctored evidence of a teacher's actions and destroyed a recording of a meeting, among other things, did not state a substantive due process claim); *LaBarbara v. Angel*, 95 F. Supp. 2d 656, 666 (E.D. Tex. 2000) (plaintiffs' claim that defendants' cover-up of officers' negligence increased litigation costs in state-court negligence suit arising from motor vehicle accident did not implicate substantive due

process). The Court **grants** Defendants' motion as to Carruth's substantive due process claim.[1]

### D.     *Procedural Due Process – 42 U.S.C. § 1983*

Next, Defendants argue that Carruth failed to allege facts to state a procedural due process claim. Procedural due process requires that a party deprived of a life, liberty, or property interest be provided "notice and an opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Gibson v. Tex. Dep't of Ins. – Div. of Workers' Comp.*, 700 F.3d 227, 239 (5th Cir. 2012). "[F]or a person to have a procedural due process claim that damages or other relief can remedy, he must have been denied life, liberty, or property protected by the Fourteenth Amendment." *Wilson*, 667 F.3d at 597. These interests may be "created and defined by existing rules or understandings that stem from an independent source such as state law." *Id.* at 598.

"The requirements of procedural due process are flexible and call for such procedural protections as the particular situation demands." *Gibson*, 700 F.3d at 239. Ultimately, procedural due process hinges on three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and

---

[1] Plaintiff cited *Cole v. Carson*, 802 F.3d 752 (5th Cir. 2015), and *Burroughs v. City of Laurel*, 2019 WL 4228438 (S.D. Miss. Sept. 5, 2019). These cases are inapposite in that they addressed claims that officers fabricated evidence and used it to frame and bring false criminal charges against someone. This case involves an allegation that an officer destroyed evidence to cover up his alleged negligence in an automobile accident.

9

>administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* (quoting *Mathews v. Eldredge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)).

Plaintiff Carruth's brief contains only a passing reference to procedural due process. He summarily declared that Defendants deprived him of his Fourteenth Amendment right to procedural due process, without describing how the facts of this case fit the claim. Opposition to Motion to Dismiss [33], at 3. Carruth also incorporated the other Plaintiffs' brief by reference, *id.* at 2, but while those Plaintiffs included out-of-context quotations from some procedural due process cases, they also claimed that their § 1983 claim was "based solely on the actions of the officers in denying substantive due process rights to the plaintiffs." Response [30], at 19. No Plaintiff coherently explained what notice and opportunity to be heard they should have received, or what life, liberty, or property interest Defendants took from them.

Carruth apparently contends that the officers' alleged spoliation of evidence hinders his ability to get relief in a civil suit. Assuming that this constitutes a deprivation of a protected life, liberty, or property interest, Carruth has an adequate remedy in filing a civil action, in which he has an opportunity to be heard and to raise the issue of spoliation. *See, e.g. Barnett v. Deere & Co.*, 2016 WL 4544052, at *1-*2 (S.D. Miss. Aug. 31, 2016); *Clinton Healthcare, LLC v. Atkinson*, 294 So. 3d 66, 73 (Miss. 2019); *Teal v. Jones*, 222 So. 3d 1052, 1058 (Miss. Ct. App. 2017). "[R]andom and unauthorized acts of government employees do not constitute procedural due

10

process violations where adequate post-deprivation remedies exist," such as those available to Carruth in a civil suit. *Moore v. Bd. of County Comm'rs of County of Leavenworth*, 470 F. Supp. 2d 1237, 1251 (D. Kan. 2007); *see also Zinermon v. Burch*, 494 U.S. 113, 115, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990). Therefore, the Court **grants** Defendants' motion as to Carruth's procedural due process claim.

### E. *Municipal Liability – 42 U.S.C. § 1983*

Defendants argue that Plaintiff Carruth has not alleged sufficient facts to state a claim of municipal liability under § 1983. In his briefing, Carruth did not address municipal liability, but he incorporated the other Plaintiffs' briefing by reference. Opposition to Motion to Dismiss [33], at 2. The other Plaintiffs expressly disclaimed that they were asserting any § 1983 claim against the municipality. Response [30], at 26. Therefore, the Court concludes that Carruth has abandoned any § 1983 claims against the Defendant City of Collins that he may have asserted, and it **grants** Defendants' motion in that respect.

### F. *Pendent Jurisdiction*

Defendants argue that the Court, having dismissed Carruth's federal claims, should decline to exercise pendent jurisdiction over his state-law claims. "By statute, federal courts have original jurisdiction over federal-question and diversity cases. They can also exercise supplemental jurisdiction over all other claims that are so related to claims within federal-question or diversity cases that they form part of the same case or controversy under Article III of the United States Constitution."

11

*IntegraNet*, 945 F.3d at 238. "Where two actions have been consolidated, [the Court] must examine each consolidated case separately to determine the jurisdictional premise upon which each stands." *Langley*, 14 F.3d at 1072 n. 5.

As a "general rule," the Court "should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial" in federal-question cases. *IntegraNet*, 945 F.3d at 241. However, the Court may exercise pendent jurisdiction over the remaining state-law claims, if the statutory factors related to supplemental jurisdiction and certain common-law factors weigh in favor of doing so. *Enochs*, 641 F.3d at 158-59. The Court should consider "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* at 159 (citing 28 U.S.C. § 1367(c)). The Court should also consider "judicial economy, convenience, fairness, and comity." *Id.*

Here, Carruth's state-law claims predominate, as all his federal claims have been dismissed. Judicial economy, convenience, and fairness do not dictate that the Court retain jurisdiction over the remaining state-law claims, in that this case is still in its infancy. The Court has not entered a Case Management Order, and the parties have not begun discovery. Generally, "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v.*

12

*Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966); *see also Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 586-87 (5th Cir. 1992). Indeed, the Court should generally avoid needless decisions of state law. *Parker & Parsley*, 972 F.2d at 585. Therefore, the Court **dismisses** Plaintiff Carruth's state-law claims **without prejudice** for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the reasons provided below, the Court **grants** Plaintiff Howze and T.H.'s Motion to Voluntarily Dismiss [36] their federal claims, declines to exercise pendent jurisdiction over Plaintiff Howze and T.H.'s state-law claims, **grants in part and denies in part** Defendants' Motion to Dismiss [26], and declines to exercise pendent jurisdiction over Plaintiff Tyler Carruth's state-law claims. Accordingly, this case is closed.

SO ORDERED AND ADJUDGED this 21st day of October, 2021.

/s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE
